NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

VIOLA LACY, WIDOW OF JAKE LACY, PETITIONER, v. UNDERPINNING AND FOUNDATION COMPANY, RESPONDENT.

Decided August 11, 1938.

For the petitioner, *Nathan Rabinowitz.*

For the respondent, *James J. Carroll.*

\*        \*        \*        \*        \*        \*        \*

The petitioner, Viola Lacy, having been duly sworn and having testified that she was married to the deceased on October 31st, 1917, in Savannah, Georgia, and that sometime thereafter, she with her husband moved to Philadelphia in the State of Pennsylvania and that from approximately 1925 or 1926, she resided in that city with her husband at No. 604 Christian street; and that in 1934, her husband, Jake Lacy, came to the city of New York where he procured a position as a janitor in an apartment house and that after the petitioner had remained at New York for a period of two months during which time she did not live with her husband, but stayed at a boarding house, she returned to the city of Philadelphia at the address hereinbefore set forth where she has continued to remain ever since. That she knew that her husband received employment with the respondent company but she did not know when this employment started and that from the time she returned to Philadelphia, her husband

sent her no less than $15 for her support every week right up to the time of his death, and also having testified that her apartment consisted of a bedroom, living room and kitchen, located on the third floor of No. 604 Christian street in Philadelphia, Pennsylvania, and that her husband visited her at regular intervals in Philadelphia and having listed some of her expenses as follows: $12 a month for apartment in Philadelphia, food for herself $3.50 a week, clothes, $10 per month, gas and electric $3.50 per month and insurance $1.65 per month and also having testified that she did not know the address of her husband in New York but that at times she knew he lived with his sister and also that she did not attend the funeral of her husband, nor, had she ever visited his grave, nor, in fact did she know where he was buried and that on various occasions she would do some housework in Philadelphia but that she did this only because time hung heavy on her hands and not because she needed the money and a specimen of her handwriting having been taken while she was on the stand and she having written the name of Viola Johnson and having been confronted with a permanent registration certificate of voters, containing the name Viola Johnson and the address No. 604 Christian street, third floor, Philadelphia, Pennsylvania, together with a certificate of permanent registration of voters, containing a signature of one, Josie Johnson, No. 604 Christian street, third floor, Philadelphia, Pennsylvania, and having denied that the same was her signature or that in fact she ever heard of a person by the name of Josie Johnson or Viola Johnson and having been confronted with an application for gas and electric service for the third floor of No. 604 Christian street, issued to one Josie Johnson and having denied that said application was in the name of any person known to her and:

Ida Jackson, having been duly sworn as a witness on behalf of the petitioner and having testified that she informed the petitioner of the death of her husband and that on occasions she visited the petitioner with the deceased in the city of Philadelphia and:

Leroy McGrant, having been duly sworn as a witness on behalf of the petitioner and having testified that he had known

the Lacys since 1924 and had visited at the apartment at No. 604 Christian street, Philadelphia, Pennsylvania, and that he said the deceased gave money to his wife and:

One Elsie Lacy having been called as a witness on behalf of the respondent and having testified that she had lived with the deceased in Philadelphia for about six years and had come to New York with him as his wife and continued to live at the apartment house where he worked as a janitor and that she was held out by the deceased as his wife and that the deceased started at a salary of $50 a month and sometime later received an increase of $60 a month while working as a janitor and that out of this money, all household expenses were paid as well as clothing and other expenses and that a baby was born to her, the father of which was the deceased and which baby died shortly after birth and that she made all arrangements for the funeral together with the deceased's sister and that she attended the funeral and designated the place where the body of the deceased was buried and:

The person taking the affidavit on the certificate of permanent registration of voters for the city of Philadelphia having been duly sworn and having testified on behalf of the respondent and the certificate having been offered in evidence and the representative of the Philadelphia Gas Works having been duly sworn and testified as a witness on behalf of the respondent and the application for gas for the third floor apartment of No. 604 Christian street, Philadelphia, Pennsylvania, having been offered and received in evidence; and having carefully considered all of the testimony submitted in the case, together with the various exhibits offered in evidence:

I do find and determine that the petitioner, Viola Lacy, was lawfully married to the deceased on October 31st, 1917, in the State of Georgia and that she lived with the deceased as husband and wife to the year, 1934; that, thereafter, he came to New York and she continued to reside in Philadelphia living separate and apart from him and from that time to the date of his death she was not dependent on him. The uncontradicted testimony is that from 1934 he lived with the witness known as Elsie Lacy, earning from $50 to $60

per month which would make it impossible for the petitioner to receive as she testified, the sum of $15 a week.

In my opinion from the proof as shown the petitioner resided at 604 Christian street, Philadelphia, and that she assumed the name Viola Johnson. This is corroborated by the application filled for gas service with the Philadelphia Gas Works Company and the certificate of permanent registration. I am convinced that from the testimony that Viola Johnson and the petitioner, Viola Lacy, are one and the same person.

I, therefore, feel from all of the facts established in this case that the preponderance of evidence is overwhelmingly in favor of the respondent. That the petitioner for a considerable time prior to decedent's death was not a member of his household, in no way dependent upon him for support and neither did he in any way contribute to her support, and in accordance with this finding:

It is  *  *  *  ordered that the petition filed herein be and the same is hereby dismissed.

JOHN C. WEGNER,
*Referee.*